On October 22, 1999, the Delaware County Grand Jury indicted appellant, Bradley W. Tapp, on two counts of felonious assault in violation of R.C. 2903.11 and two counts of aggravated assault in violation of R.C. 2903.12. Said charges arose from an incident on September 4, 1999 involving two other individuals, Michael Westfall and Brooke Ramsey. On February 14, 2000, appellant pled guilty to the two counts of felonious assault. The two aggravated assault charges were dismissed. By judgment entry filed March 30, 2000, the trial court sentenced appellant to seven years in prison on each count, to be served consecutively. On March 30, 2000, appellant filed a motion to reconsider sentence. A hearing was held on April 7, 2000. By judgment entry filed April 10, 2000, the trial court denied said motion and amended the March 30, 2000 sentencing entry. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW, AND THE ORDERING OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW AND UNSUPPORTED BY THE RECORD.
 II THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PROPERLY APPLY OHIO REVISED CODE SECTION 2929.12, RESULTING IN A SENTENCE WHICH WAS DISPROPORTIONATE TO THOSE SAME OR SIMILARLY SITUATED AS APPELLANT IN VIOLATION OF THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND SECTIONS 9 AND 16 OF THE OHIO CONSTITUTION.
 I
Appellant claims the trial court's sentence was contrary to law and the ordering of consecutive sentences was contrary to law. We disagree. At the outset, we note R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(1) states as follows: The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
 * * *
(d) That the sentence is otherwise contrary to law.
Appellant pled guilty to two counts of felonious assault, both felonies of the second degree. R.C. 2903.11(B). Pursuant to R.C. 2929.14(A)(2), felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years." By judgment entry filed March 30, 2000, the trial court sentenced appellant to seven years on each of the two counts, to be served consecutively. First we will address the individual sentences. At the outset, appellant argues R.C. 2929.19(B)(2)(e) regarding sentencing of "two or more offenses arising out of a single incident" is applicable sub judice. Upon review, we find said statute does not apply for two reasons. First, the statute concerns the imposition of maximum sentences. Maximum sentences were not imposed herein. Second, despite the fact that the offenses occurred in the same place at nearly the same time, two different individuals were involved, both sustaining injuries. See, Indictment filed October 22, 1999. Appellant argues the trial court failed to follow the dictates of the Supreme Court of Ohio in State v. Edmonson (1999), 86 Ohio St.3d 324. In Edmonson at 137, the Supreme Court of Ohio reviewed a first time sentence and found "a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C.2929.14(B) justify a sentence longer than the minimum." Pursuant to R.C.2929.14(B), if an offender has not previously served a prison term, as is the case herein, a trial court shall impose the shortest prison term available unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In sentencing appellant to more than the shortest prison term on each count, the trial court found that "the shortest prison terms will demean the seriousness of the offenses and will not adequately protect the public from future crime. See, Judgment Entry filed March 30, 2000. During the sentencing hearing, the trial court noted that in determining the sentence, he considered the factual background of the case, the presentence report, the victim impact statements, statements made by counsel and appellant himself, and the statutory criteria set forth in R.C. 2929.11 through R.C. 2929.18. March 29, 2000 T. at 17-19. Furthermore, the trial court discussed the seriousness of the offenses. Id. at 20-21. Upon review, we cannot find clear and convincing evidence that the record does not support the individual sentences or that the sentences are otherwise contrary to law. Now we will turn our attention to the issue of consecutive sentences. R.C. 2929.14(E)(4) states as follows: (2) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 * * * (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
During the sentencing hearing, the trial court discussed consecutive sentences as follows: * * * consecutive sentences are necessary to protect the public from future crime and to punish you. And I further find that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger which you pose to the public.
March 29, 2000 T. at 22-23.
The trial court's judgment entry of March 30, 2000 at paragraph 8 reflects these statements. On April 10, 2000, the trial court amended paragraph 8 to include the following: The harm caused by the multiple offenses was so great or unusual that no single prison term for either of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the Defendant's conduct.
This amendment was made following the hearing on appellant's motion to reconsider sentence. During said hearing, the trial court stated the following: I personally searched myself, my sole (sic), my heart, my legal background, everything that there is about this case, all of the sentence criteria that I considered before, as I considered again, and I still come back to this matter of the absolutely vicious nature of the offense. In twenty-four years that I have been on the bench, other than homicide cases, I had never seen an assault like this. Ever. It doesn't mean it hadn't happened. The victims were just, well you know the words of the statute, they sustained serious physical harm, serious economic harm and psychological harm. There is no way to get around that. Those were absolutely innocent human beings. And society can not tolerate this. It just can't.
April 7, 2000 T. at 9.
Upon review, we cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the aggregate sentence is otherwise contrary to law. Assignment of Error I is denied.
 II
Appellant claims the trial court sentence was disproportionate to those same or similarly situated. We disagree. In support of this assignment of error, appellant attaches to his brief several exhibits all of which are not a part of this record for our review. Pursuant to App.R. 9(A), these exhibits are stricken. Further, this issue was never raised to the trial court. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
 ______________ Farmer, J.
Edwards, J. and Reader, V.J. concur.